UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PEGGY MESHELL, ET AL                CIVIL ACTION NO. 11-cv-0536

VERSUS                              JUDGE STAGG

SCHINDLER ELEVATOR CORP., ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendants removed this case based on an assertion of diversity jurisdiction. The court has an obligation to ensure that there is a factual basis to exercise that jurisdiction. A review of the record indicates that additional information is needed for the removing defendants to satisfy their burden in this regard. They will be permitted until **June 17, 2011** to file an Amended Notice of Removal and address the issues noted below.

Defendants describe Plaintiffs as "residents" of Louisiana. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). Defendants will need to determine whether Plaintiffs are domiciliaries of Louisiana and, if that is the case, make that allegation.

Schindler Elevator Corp. describes itself as incorporated under the laws of Delaware and with its principal place of business in New Jersey. That is an adequate allegation of

citizenship for the corporation. Horseshoe Entertainment, however, is alleged to be a partnership, so the court must consider the citizenship of each partner, whether limited or general. Neither the state of organization or principal place of business is relevant. Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The

Horseshoe Entertainment has appeared before in diversity cases in this court, but it appears the identity and legal form of its partners and related entities have changed over the years. The relevant citizenship was traced through to the final levels in the complaint filed in 05-cv-2082, but a recent Notice of Removal filed by Horseshoe in 11-cv-0733 indicates that there has since been at least one change, in that the single member of Horseshoe Gaming Holding, LLC (one of the two partners in Horseshoe) is no longer Harrah's Operating Co.,

Inc. but is Caesars Entertainment Operating Company, Inc., which is incorporated in Delaware and has its principal place of business in Nevada. Defendants should ensure the partnership, membership, and citizenship information at the time this case was filed and removed and state the facts with specificity in the Amended Notice of Removal.

Horseshoe Entertainment is also advised that its Notice of Removal in 11-cv-0733 needs amendment because it does not allege with specificity the membership in Horseshoe GP, LLC (one of the two partners in New Gaming Capital Partnership, which is one of the two partners in Horseshoe). The complaint in 05-cv-2082 suggests that Horseshoe GP, LLC has one member, Horseshoe Gaming Holding, LLC.

The court will review the record after the deadline for filing an Amended Notice of Removal. If diversity jurisdiction is present, a scheduling conference will be set to discuss a trial date and related deadlines.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of May, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE