UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID MESHELL, ET AL | CIVIL ACTION NO. 11-cv-0536 |
| VERSUS | JUDGE STAGG |
| SCHINDLER ELEVATOR CORP., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

The court's Scheduling Order set February 29, 2012 as the deadline for Plaintiffs' expert reports. Doc. 26. Plaintiffs' did not, by the deadline, tender any expert reports or seek an extension of time.

Several weeks later, Plaintiffs filed a **Motion to Modify Scheduling Order**. **Doc. 37**. Plaintiffs request additional time to produce an expert report, arguing that Horseshoe's belated production of a surveillance video delayed Plaintiffs' efforts to retain an expert.

Plaintiffs' motion is denied. The correspondence in the record shows that Horseshoe provided the surveillance video to Plaintiffs as part of its Rule 26 initial disclosures on August 5, 2011. On January 30, 2012, *almost six months later*, Plaintiffs' counsel notified Horseshoe that Plaintiffs were not included in the video that was produced. That same day, Horseshoe submitted an additional surveillance video to counsel for Plaintiffs. At that point, Plaintiffs still had almost a full month to secure the services of an expert. They did not do so, and they also did not seek an extension of the deadline.

A party must show good cause for modification of a court's scheduling order. Rule 16(b)(4). The good cause standard focuses on the diligence of the party seeking the modification. McCall v. Washington, 2007 WL 2088502 (W.D. La. 2007); Bech v. Wells Fargo, 2010 WL 4668434 (E.D. La. 2010); Anderson v. La. Dept. Of Public Safety, 2010 WL 2737133 (M.D. La. 2010). Plaintiffs' counsel's lack of diligence in reviewing the surveillance videos and contacting an expert do not constitute good cause for the requested modification. Plaintiffs could and should have sought an extension before the deadline passed. Instead, Plaintiffs waited until April 12, 2012 – about 43 days after their deadline passed – to seek an extension.

Furthermore, Defendants have now filed motions for summary judgment. Docs. 35 & 43. Allowing an expert at this late date would unfairly penalize Defendants, who complied with the scheduling order and filed their motions timely.

In light of this order, Defendants' Motions to Strike Expert Witness (Docs. 36 & 45) are terminated as moot.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of April, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE