U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 21 2012

TONY R. ~~~~~~ CLERK
BY ~~~~~ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

DAVID MESHELL and PEGGY
MESHELL

versus

SCHINDLER ELEVATOR CORP., ET AL.

CIVIL ACTION NO. 11-0536

JUDGE TOM STAGG

---

## MEMORANDUM ORDER

Before the court is a "Rule 12 Motion To Dismiss For Lack of Subject Matter Jurisdiction" filed by defendant Schindler Elevator Corporation ("Schindler"). See Record Document 54. Based on the following, Schindler's motion to dismiss is **DENIED**.

Schindler contends that the cross-claim asserted by Horseshoe against it should be dismissed for lack of subject matter jurisdiction. Schindler alleges that "[i]n Horseshoe Entertainment's Response to Schindler Elevator Corporation's Motion for Summary Judgment, Horseshoe argues that the contractual indemnification agreement between Schindler and Horseshoe is governed by the National Services Agreement between the two parties." Record Document 54 at 1. However, this same allegation was clearly made in Horseshoe's cross-claim, which

was filed nearly eight months prior to the response referred to by Schindler. See Record Documents 30 and 52. Schindler now attempts to rely on a provision contained within the National Services Agreement in support of its motion to dismiss that states, in pertinent part:

> The Parties agree that should any dispute arise hereon, then such dispute will be litigated, if necessary, solely and exclusively in the courts of Clark County, Nevada, and in no other jurisdiction or forum.

Record Document 30, Ex. A at ¶ 9. Schindler then summarily asserts that this court must dismiss this action because it lacks subject matter jurisdiction over the dispute between Schindler and Horseshoe. Schindler is incorrect.

As accurately pointed out by Horseshoe, the question of whether to dismiss on the basis of a forum selection clause is one that is not based on lack of subject matter jurisdiction. See GP Plastics Corp. v. Interboro Packaging Corp., 108 F. App'x 832 n. 2 (5th Cir. 2004). There is a clear distinction between subject matter jurisdiction and venue. The Fifth Circuit, however, has stated that the "enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3)" has not been addressed. Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898, 902 (5th Cir. 2005). Regardless, as Schindler's motion is one more

2

appropriately categorized as one pursuant to Federal Rule of Civil Procedure 12(b), such issue should have been raised in pre-answer motion or responsive pleading. See Fed. R. Civ. P. 12(h); Trafigura Beheer B.V. v. M/T Probo Elk, 266 F. App'x 309, 313 n. 6 (citing In Re Deleas Shipping Ltd., 1996 A.M.C. 434 (W.D. Wash. 1995) (reasoning that a party waives its right to the benefit of a forum selection clause where it "has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced"); Tri-State Employment Servs., Inc. v. Mountbatten Sur. Co. Inc., 295 F.3d 256 (2d Cir. 2002) (forum selection clause waived where defendant failed to raise any challenge to venue in a pre-answer motion or responsive pleading and represented to the court that it was the proper forum). Horseshoe contends that this failure by Schindler results in a waiver of the forum selection clause. The court agrees. Not in any of its pleadings, filings, or responses did Schindler refer to or invoke the forum selection clause until its motion to dismiss filed in May of 2012. Schindler removed the case to this court in February of 2011. Horseshoe asserted its cross-claim against Schindler in September of 2011 and in Schindler's answer, no mention is made of the forum selection clause. In April of 2012, both Schindler and Horseshoe filed motions for summary judgment. In light of all of these actions (or inactions on the part of Schindler) and the pertinent caselaw on the subject, Schindler has waived its

objection to venue based upon the forum selection clause in the National Services Agreement.[1] Accordingly, Schindler's motion to dismiss is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 21st day of June, 2012.

_____
JUDGE TOM STAGG

---

[1] See Albany Ins. Co. v. Almancenadora Somex, S.A., 5 F.3d 907, 909-10 (5th Cir. 1993) (defense of improper venue pursuant to a forum selection clause in a contract is waived if not urged in party's first motion to dismiss filed before the first responsive pleading is filed); Dune Operating Co., Inc. v. Premiere, Inc., 2008 WL 5156121 n. 3 (W.D. La. 2008) ("Though the choice of law provision also contains a choice of venue provision stating that the proper venue is Harris County, Texas, under Louisiana, Texas, and Federal Rules of Civil Procedure parties are required to raise such a defense before other pleadings are filed. . . . As there is no indication in the record that any party has objected to this venue, any objection has been waived.")